**NEW YORK FIRE INSURANCE RAT-ING ORGANIZATION, Plaintiff,**

v.

**Ivan C. McLEOD, Regional Director of the Second Region of the National Labor Relations Board, Defendant.**

**No. 69 Civ. 1426.**

United States District Court
S. D. New York.

June 13, 1969.

Lederer, Barnhill & Fox, Chicago, Ill., for plaintiff; Shea, Gallop, Climenko & Gould, New York City, of counsel.

Arnold Ordman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh and Abigail Cooley Baskir, Washington, D. C., and Sidney Danielson, Regional Atty., New York City, for National Labor Relations Board.

METZNER, District Judge:

Plaintiff, an employer, seeks to enjoin the National Labor Relations Board from further proceedings in connection with a petition for certification filed by Local 1382 of the International Association of Fire Fighters, AFL-CIO.

The petition seeks to have Local 1382 certified as the bargaining representative for all fire insurance inspectors employed by the plaintiff. It is plaintiff's contention that it is a "political subdivision" and therefore exempt from the Board's jurisdiction. 29 U.S.C. § 152(2). To understand the facts and circum-

stances which plaintiff claims constitute it a political subdivision would necessitate an extensive exposition which is unnecessary to the determination of this motion. The plaintiff itself states that "operations of the plaintiff pursuant to the statutory scheme are somewhat difficult to fully grasp." Defendant's position is that plaintiff's status should be determined in the representation proceedings after a full hearing in which plaintiff shall participate.

■■ The normal procedure for attacking the propriety of a certification issued after representation proceedings before the Board is for the employer to refuse to bargain with a certified unit. Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964). Such refusal would result in lodging a claim of unfair labor practice with the Board. An order adverse to the employer in such proceeding is appealable to the Court of Appeals, 29 U.S.C. § 160(c), and in such appeal the employer may attack a certification order. 29 U.S.C. § 159(d). The courts have limited judicial proceedings attacking certification to those provided by Congress. In essence, this policy rests upon a determination that labor peace is best achieved by strictly following the procedures set forth in the Act.

Plaintiff's reliance on Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), is misplaced. There the Board was dealing with a representation proceeding which the statute prohibited for a unit consisting of both professional and nonprofessional employees, unless preliminarily a majority of such professional employees voted for inclusion in the unit. The Board admitted that it failed to take such a vote, and therefore acted in excess of its powers. Nevertheless, it contended that a plenary suit attacking its order could not be maintained. The Court sustained jurisdiction of the federal district court under such circumstances.

The intent to limit the original jurisdiction of the courts is amply illustrated in *Boire, supra*. The Court discussed the *Kyne* case and made it clear that *Kyne* must be confined to the "painstakingly delineated procedural boundaries" set forth in that case. The Court further stated:

"The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law. Judicial review in such a situation has been limited by Congress to the courts of appeals, and then only under the conditions explicitly laid down in § 9(d) of the Act." 376 U.S. at 481–482, 84 S. Ct. at 899.

In a somewhat similar situation, the Court, in Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), denied jurisdiction of a suit to enjoin the Board from proceeding with hearings upon a complaint of unfair labor practices. The employer claimed that the sales of its products were not in interstate or foreign commerce and therefore it was not subject to the Act. Plaintiff's contention ran contra to the rule of exhaustion of administrative remedies. The Court held that the procedure before the Board was appropriate and judicial review could only be obtained as provided in the Act. "That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter." 303 U.S. at 51, 58 S.Ct. at 463–464.

■ The proper procedure is for the Board to make the determination as to whether plaintiff is a political subdivision after the full record is made before the Board. If the plaintiff is dissatisfied with the determination, it should follow the procedures outlined in *Boire, supra*.

Motion for preliminary injunction denied. Motion to dismiss the complaint granted.

So ordered.